UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD WARD,

      Petitioner,                      Civil Case No. 16-12365
                                            Criminal Case No. 11-20525
v.                                              Hon. Gerald E. Rosen

UNITED STATES OF AMERICA,

      Respondent.
_____/

**ORDER GRANTING GOVERNMENT'S UNOPPOSED
MOTION TO STAY § 2255 LITIGATION PENDING THE
SUPREME COURT'S DECISION IN *BECKLES V. UNITED STATES***

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     January 6, 2017    

PRESENT:    Honorable Gerald E. Rosen
                      United States District Judge

In a judgment entered on June 7, 2012, Petitioner Donald Ward was sentenced to two concurrent 114-month terms of imprisonment following his guilty plea to two counts of bank robbery. In Petitioner's Rule 11 plea agreement, the parties agreed that Petitioner's advisory sentencing range under the U.S. Sentencing Guidelines was 151 to 188 months, based in significant part on the application of the career offender provision at § 4B1.1 of the Guidelines.

Through a motion filed on June 24, 2016, Petitioner seeks to vacate his

sentence pursuant to 28 U.S.C. § 2255, arguing that in light of the Supreme Court's decision in *Johnson v. United States,* __ U.S. __, 135 S. Ct. 2551 (2015), and the Sixth Circuit's subsequent ruling in *United States v. Pawlak,* 822 F.3d 902 (6th Cir. 2016), neither of his two prior convictions that triggered career offender status under the Sentencing Guidelines qualifies as a "crime of violence" as that term is defined in § 4B1.2(a) of the Guidelines. In lieu of a response to this motion, the Government has moved to stay these § 2255 proceedings pending the Supreme Court's decision in *Beckles v. United States,* No. 15-8544, *cert. granted,* 136 S. Ct. 2510 (2016).[1] In support of this request for a stay, the Government observes that *Beckles* promises to resolve three questions that are relevant, and perhaps dispositive, here: (i) whether the Supreme Court's holding in *Johnson* invalidating the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), applies to the identically-worded residual clause in § 4B1.2(a)(2) of the Guidelines; (ii) if so, whether the invalidation of § 4B1.2(a)(2)'s residual clause under the reasoning of *Johnson* should apply retroactively on collateral review; and (iii) what role the commentary to § 4B1.2 should play, in the wake of *Johnson,* in determining whether a given offense qualifies as a "crime of

---

[1]*Beckles* was argued on November 28, 2016, and a ruling could be issued at any time between now and the end of the Supreme Court's term in June of this year.

violence."

Under essentially the same circumstances presented here, both the Sixth Circuit and other courts in this District have deemed it appropriate to hold § 2255 motions in abeyance pending the Supreme Court's decision in *Beckles*. *See, e.g., In re Patrick,* 833 F.3d 584, 589-90 (6th Cir. 2016); *In re Embry,* 831 F.3d 377, 382 (6th Cir. 2016); *United States v. Vaughn,* No. 04-80983, 2016 WL 7385723, at *2 (E.D. Mich. Dec. 21, 2016); *United States v. Pary,* No. 13-20142, 2016 WL 4376207, at *1 (E.D. Mich. Aug. 17, 2016); *United States v. Rodriguez,* No. 13-20405, 2016 WL 4124096, at *1 (E.D. Mich. Aug. 3, 2016). Upon reviewing these decisions and others to the same effect, the Court agrees that a stay is likewise warranted in this case, so that the Supreme Court may address, and perhaps resolve, the above-cited questions that are likely to prove decisive here. Accordingly,

NOW, THEREFORE, IT IS HEREBY ORDERED that the Government's July 12, 2016 motion to stay this § 2255 litigation pending the Supreme Court's decision in *Beckles v. United States* (docket #26) is GRANTED. IT IS FURTHER ORDERED that the present § 2255 proceedings are STAYED pending a ruling in *Beckles* or until further order of this Court. Once the Supreme Court issues its decision in *Beckles,* the Court will establish a schedule for further briefing on Petitioner's § 2255 motion.

                                                          s/Gerald E. Rosen
                                                          United States District Judge

Dated:  January 6, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 6, 2017, by electronic and/or ordinary mail.

                                         s/Julie Owens
                                         Case Manager, (313) 234-5135